IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Civil Action No. 10-424

MICHAEL MACKO and DISASTER
MITIGATION COMPANY,

    Plaintiffs,

v.

DISASTER MASTERS, INC.
and RON ALFORD,

    Defendants

**VERIFIED
COMPLAINT – REDACTED
VERSION**

(Jury Trial Requested)

Plaintiffs, Michael Macko ("Macko") and Disaster Mitigation Company, for their Complaint against Defendants Disaster Masters, Inc. ("Disaster Masters") and Ron Alford ("Alford"), allege the following:

## PARTIES AND JURISDICTION

1. Macko is the vice president of Disaster Mitigation Company and is a citizen of North Carolina residing in Winston-Salem within this Judicial District.

2. Disaster Mitigation Company provides disaster restoration and general contractor services in the state of North Carolina. Disaster Mitigation Company was established under the laws of North Carolina and maintains its place of business there.

3. Upon information and belief, Disaster Masters is a corporation incorporated under the laws of New York.

4. Upon information and belief, Alford is a citizen and resident of the State of New York who, upon information and belief, owns the corporate defendant Disaster Masters and/or controls the actions of Disaster Masters.

5. Disaster Masters and Alford have represented that they have solicited business and have actually conducted business in the state of North Carolina.

6. Disaster Masters, however, is not authorized or registered to do business in the State of North Carolina.

7. Disaster Masters and Alford have conducted certain communications complained of herein with individuals and businesses located in this judicial district.

8. As set forth herein, this action involves a claim for Declaratory Judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2202, and the trademark laws of the United States, 15 U.S.C. §§ 1051-1127.

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) and 2201, and Rule 57 of the Federal Rules of Civil Procedure.

10. In addition, the amount in controversy in this matter exceeds $75,000.00, exclusive of costs, pre- and post-judgment interest and attorneys' fees. Consequently, the Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties to this action.

11. Pursuant to 28 U.S.C. §§ 1391, venue is proper in this Court. Venue is also proper in this Court because Macko is a resident of this judicial district and the causes of action described herein arose in this judicial district. Further, as set forth below, Disaster

2

~Doc# 58009.1 - 35290/01500~

Case 1:10-cv-00424-WO-LPA   Document 1   Filed 06/01/10   Page 2 of 16

Masters and Alford have injured Macko and Disaster Mitigation Company within this state and within this judicial district by, among other things, publishing false, malicious and defamatory information to third-parties located in this judicial district in a manner that impugns Plaintiff in his business, trade, and occupation.

## FACTS

12. Alford and Disaster Masters claim to be competitors of Macko and Disaster Mitigation Company for services pertaining to disaster restoration services.

13. Disaster Masters believes that it owns United States Trademark Registration No. 1,208,996 for the trademark "Disaster Masters Inc." in stylized form and United States Trademark Registration No. 1,733,891 for the trademark "DISASTER MASTERS".

14. Alford and Disaster Masters wrongfully contend that Macko is infringing the Disaster Masters trademarks.

15. Despite Plaintiff Macko's lack of jurisdictional contacts with the State of New York, on or about August 28, 2009, Disaster Masters instituted a civil action against Macko personally in the United States District Court for the Southern District of New York, Case Number 09 CV 5749 (the "New York Action"), asserting purported claims against Plaintiff Macko for, among other things, trademark infringement under the Lanham Act, 15 U.S.C. §1121.

16. Macko never filed an answer to the complaint, but instead responded by challenging personal jurisdiction and venue.

3

17. While the New York Action was pending, Macko discovered that Disaster Masters and Alford published on internet websites, including a www.linkedin.com "group" site specifically targeted to individuals doing disaster claims-related business in the Charlotte area, false and defamatory statements concerning Macko. Attached as Exhibit A hereto is a true and accurate copy of the defamatory web posting made by Disaster Masters and Alford.

18. As set forth in Exhibit A, such posting was read by a business referral of Macko.

19. Upon information and belief and since the time of the web posting shown in Exhibit A, Alford and Disaster Masters have published other oral or written defamatory statements in an intentional effort to injure Macko and Disaster Mitigation Company.

20. Subsequently, on March 30, 2010, Macko instituted a civil action against Disaster Masters and Alford in this court, Case Number 1:10-cv-248 (the "North Carolina Action"), alleging defamation and unfair trade practices, and seeking declaratory relief of non-infringement of the trademarks asserted by Disaster Masters.

21. Prior to the jurisdictional issues being resolved in the New York Action, Disaster Masters and Macko entered into a settlement agreement ("Agreement"), which is attached as Exhibit B. As a result of the Agreement, the New York Action was dismissed with prejudice by Disaster Masters and the North Carolina Action was dismissed without prejudice by Macko.

4

~ Doc# 58009.1 - 35290/01500 ~

Case 1:10-cv-00424-WO-LPA   Document 1   Filed 06/01/10   Page 4 of 16

22.

**REDACTED**

23.

**REDACTED**

24. Upon information and belief, and after the execution of the Agreement, Alford and Disaster Masters have made comments that disparage Macko and Disaster Mitigation Company, including informing customers and business contacts of Macko and Disaster Mitigation Company that, *inter alia*,: (1) Macko and Disaster Mitigation Company are no longer in business, (2) Macko and Disaster Mitigation Company are untrustworthy, and (3) Macko "stole" the name Disaster Master. Such information has been attested to by customers, employees, and business contacts of Macko and Disaster Mitigation Company in the affidavits set forth as Exhibits C and D. The information is also set forth in Macko's affidavit, attached as Exhibit E.

### FIRST CLAIM FOR RELIEF
(Defamation)

25. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

26. The defamatory statements published to third parties by Disaster Masters and Alford concerning Macko and Disaster Mitigation Company include:

5

~ Doc# 58009.1 - 35290/01500 ~

Case 1:10-cv-00424-WO-LPA   Document 1   Filed 06/01/10   Page 5 of 16

A. A false and defamatory assertion that Macko "willfully steals" trademarks;

B. A false and defamatory assertion that Macko "should not be trusted in business;"

C. A false and defamatory assertion that any "claim" (i.e., business) "from them [Plaintiff Macko and Disaster Mitigation Company] is likely to be as crooked as their other behaviors;"

D. A false and defamatory assertion that Macko and Disaster Mitigation Company was "shut down and no longer in business;" and

E. A false and defamatory assertion that one "could not trust" Macko.

27. Upon information and belief, Alford and Disaster Masters have published to others additional false and/or defamatory statements concerning Macko and Disaster Mitigation Company, the precise nature of which will be determined through discovery in this action.

28. The aforementioned statements by Alford and Disaster Masters have caused injury to Macko and Disaster Mitigation Company within this State and this judicial district.

29. The aforementioned statements made by Alford and Disaster Masters were false, libelous, slanderous, and defamatory statements concerning Macko and Disaster Mitigation Company and were published to third persons.

30. The aforementioned statements made by Alford and Disaster Masters were intentionally and maliciously published to third parties.

6

31. The aforementioned statements made by Alford and Disaster Masters constitute slander and/or libel *per se* by impugning Macko and Disaster Mitigation Company in trade and business.

32. Alternatively, the aforementioned statements made by Alford and Disaster Masters constitute libel *per quod*, and Macko and Disaster Mitigation Company have and will incur special damages, including damages arising from permanent loss of business relationships, contracts, and lost profits.

33. The aforementioned statements by Alford and Disaster Masters have proximately caused injury to Macko and Disaster Mitigation Company within this State in an amount in excess of $75,000.00, exclusive of costs, pre- and post-judgment interest and attorney fees.

34. The aforementioned conduct of Alford and Disaster Masters was and is substantially aggravated, intentional, and malicious.

35. As a proximate result of Alford's and Disaster Masters' substantially aggravated, intentional, malicious, and/or wrongful conduct, Macko and Disaster Mitigation Company are also entitled to an award of punitive damages against Alford and Disaster Masters, jointly and severally, in an amount to be determined at the trial of this action in excess of $75,000.00 exclusive of costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Violation of N.C. Gen. Stat. § 75.1.1 *et seq.*)

36. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

7

37. Alford and Disaster Masters have engaged in acts, omissions and/or practices, as described above, that were unfair and deceptive and that offend established public policy. The acts, omissions and/or practices of Alford and Disaster Masters, which upon information and belief are ongoing, were and are unfair, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to competition and specifically injurious to Macko and Disaster Mitigation Company.

38. Alford's and Disaster Masters' acts, omissions and/or practices, as alleged above, constitute unfair or deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1 et seq.

39. As a result of Alford's and Disaster Masters' unfair and deceptive acts and practices, Macko and Disaster Mitigation Company have been damaged in North Carolina in an amount in excess of $75,000.00.00, exclusive of costs, pre- and post-judgment interest and attorneys fees. Pursuant to N.C. Gen. Stat. §§75-16 and 75-16.1 and other applicable law, Macko and Disaster Mitigation Company are entitled to have such damages trebled and to an award of reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Breach of Contract)

40. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

41. To resolve the prior litigation, Macko and Disaster Masters entered into a binding settlement agreement ("Agreement"), which is attached as Exhibit B.

8

42.

**REDACTED**

43.

**REDACTED**

44. Macko has adequately performed under the terms of the Agreement.

45. As a result of Alford's and Disaster Masters' breach of the Agreement, Macko and Disaster Mitigation Company have been damaged.

## FOURTH CLAIM FOR RELIEF
(Tortious Interference with Prospective Advantage)

46. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

47. Upon information and belief, Alford and Disaster Masters have published defamatory statements to third parties that Alford and Disaster Masters knew or should have known were customers of Macko and Disaster Mitigation Company.

48. The defamatory statements of Alford and Disaster Masters were used to damage the business relationship of Macko and Disaster Mitigation Company with their customers.

49. As a result of Alford's and Disaster Masters' interference with the business relationship between Macko and Disaster Mitigation Company and their customers,

Macko and Disaster Mitigation Company were denied the opportunity to provide services to their customers.

50. As a result of Alford's and Disaster Masters' interference with the business relationship of customers with Macko and Disaster Mitigation Company, Macko and Disaster Mitigation Company have been damaged.

### FIFTH CLAIM FOR RELIEF
(Declaratory Judgment)

51. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

52. Disaster Masters sued Macko in the United States District Court for the Southern District of New York for, *inter alia*, infringement of United States Trademark Registration No. 1,208,996 for the trademark "Disaster Masters Inc." in stylized form and United States Trademark Registration No. 1,733,891 for the trademark "DISASTER MASTERS".

53. Macko and Disaster Mitigation Company ceased using "Disaster Master" for doing business within the timeframe specified in the Agreement.

54. Subsequent to the agreed-upon time that Macko and Disaster Mitigation Company ceased using "Disaster Master" to promote and conduct business, Disaster Masters has made allegations that Macko and Disaster Mitigation Company are using trade names that violate the Agreement, which are tantamount to allegations of trademark infringement.

55. An actual, justiciable controversy thus now exists between Macko/Disaster Mitigation Company and Alford/Disaster Masters with respect to trademark infringement.

56. Macko and Disaster Mitigation Company have not infringed any valid trademark of Alford or Disaster Masters as asserted by Alford and Disaster Masters.

57. Macko and Disaster Mitigation Company have not infringed any trademarks asserted by Alford and Disaster Masters.

58. Plaintiffs are entitled to relief including a Declaratory Judgment that the use of any trade names after the settlement agreement by Macko and/or Disaster Mitigation Company in connection with their North Carolina-based business: (i) does not infringe, and has not infringed, United States Trademark Registration No. 1,208,996; United States Trademark Registration No. 1,208,996; or any purported common law trademark rights claimed by Disaster Masters; (ii) has not caused any actionable damages to Disaster Masters or Alford; and (iii) has not caused any actionable damages to Alford or Disaster Masters.

## NOTICE OF MOTION
(Temporary Restraining Order and
for Preliminary and Permanent Injunction, Fed. R. Civ. P. 65)

59. Macko and Disaster Mitigation Company reallege and incorporate the preceding paragraphs as if set forth fully herein.

60. A preliminary and permanent injunction is necessary in the instant case pending a determination of Macko's and Disaster Mitigation Company's claims against

Alford and Disaster Masters to prevent irreparable damage to Macko's and Disaster Mitigation Company's contractual and prospective contractual relations, employees, customers and good will.

61. Macko and Disaster Mitigation Company are likely to succeed on the merits of the claims alleged herein.

62. Macko and Disaster Mitigation Company are suffering and will continue to suffer irreparable harm as a result of the wrongful conduct of Alford and Disaster Masters as described hereinabove.

63. The balancing of the equities favors entry of an injunction in Macko's and Disaster Mitigation Company's favor.

64. The public interest favors entry of an injunction in Macko's and Disaster Mitigation Company's favor.

65. Macko and Disaster Mitigation Company request (and by separate Motion pursuant to LR 7.3 and 65.1 may formally move via separate filing) that Alford and Disaster Masters be, in the form of a temporary restraining order and preliminary injunction, temporarily enjoined and restrained from directly or indirectly making any disparaging comments about Macko or Disaster Mitigation Company to third parties, whether orally, written, or otherwise, and ordered to direct any callers to telephone numbers formerly owned by either Macko or Disaster Mitigation Company that Macko and Disaster Mitigation Company can be reached at (336) 251-1011.

12

~ Doc# 58009.1 - 35290/01500 ~

Case 1:10-cv-00424-WO-LPA   Document 1   Filed 06/01/10   Page 12 of 16

66. Macko's and Disaster Mitigation Company's investigation into Alford's and Disaster Masters' defamatory conduct is continuing and Macko and Disaster Mitigation Company believe that other wrongful conduct of Alford and Disaster Masters may form the basis for additional injunctive relief.

**WHEREFORE**, Macko and Disaster Mitigation Company pray that this Court enter an order:

(a) For a judgment of damages in excess of $75,000.00 against Alford and Disaster Masters, jointly and severally (including general and special damages including lost profits), together with pre- and post-judgment interest as permitted by law;

(b) For a judgment of treble damages in favor of Macko and Disaster Mitigation Company pursuant to N.C. Gen. Stat. § 75-16;

(c) For an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 or other applicable law;

(d) For an award of punitive damages against Alford and Disaster Masters jointly and severally, in an amount to be determined at the trial of this action;

(e) For a Declaratory Judgment that the use of any trade names after the settlement agreement by Macko and/or Disaster Mitigation Company in connection with their North Carolina-based business: (i) does not infringe, and has not infringed, United States Trademark Registration No. 1,208,996 or Disaster Masters' purported common law trademark rights; (ii) has not caused any actionable damages to Disaster Masters or Alford; and (iii) has not caused any actionable damages to Alford or Disaster Masters.

13

(f) As requested in the Motion that will be submitted to this Court under separate filing, for a temporary restraining order, a preliminary injunction and permanent injunction restraining Alford and Disaster Masters from engaging in the conduct and actions described hereinabove;

(g) For an order awarding the costs of this action be taxed against Alford and Disaster Masters, and against each of them; and

(h) Orders granting all other relief as the Court deems just and proper.

SIGNATURE PAGE FOLLOWS

14

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/Paul J. Osowski
    Paul J. Osowski
    N.C. State Bar No. 23423
    100 North Tryon St., Suite 4200
    Charlotte, NC 28202
    Phone: (704) 417-3114
    Fax: (704) 417-3212
    E-mail: paul.osowski@nelsonmullins.com

    Mark A. Stafford
    N.C. State Bar No. 16835
    E-Mail: mark.stafford@nelsonmullins.com
    380 Knollwood Street / Suite 530
    Winston-Salem, NC 27103
    Telephone (336) 774-3333; Fax (336) 774-3374
    *Attorneys for Plaintiff*

*Of counsel:*
Nelson Mullins Riley & Scarborough LLP
Neil C. Jones
Federal Bar No. 5470
neil.jones@nelsonmullins.com
Ashley B. Summer
ashley.summer@nelsonmullins.com
104 South Main Street / Ninth Floor
Post Office Box 10084 (29603-0084)
Greenville, SC 29601
(864) 250-2260

This the 1st day of June, 2010.

15

~ Doc# 58009.1 - 35290/01500 ~

## VERIFICATION

I, Michael Macko, on behalf of myself and Disaster Mitigation Company, hereby verify that I have reviewed the foregoing Verified Complaint and authorized its filing and that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Michael Macko

SWORN to and subscribed before
me this 28th day of May 2010

_____
Notary Public for North Carolina
My Commission Expires: 4-30-2012

[Notary Seal: LONNIE M. DILLARD, Notary Public - North Carolina, Stokes County, My Commission Expires April 30, 2012]