IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL MACKO and DISASTER )
MITIGATION COMPANY, )
 )
            Plaintiffs, )
 )
         v. )       1:10CV424
 )
DISASTER MASTERS, INC. and RON )
ALFORD, )
 )
            Defendants. )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendants' Motion to Supplement and Amend Defendants' Answer and Counterclaim (Docket Entry 46). For the reasons that follow, the Court will grant said Motion.

BACKGROUND

The Court, per Judge Thomas D. Schroeder, has detailed the circumstances underlying this litigation in a prior order granting a preliminary injunction against Defendants. (See Docket Entry 31 at 1-8.) In summary, the two sides have become embroiled in litigation first in federal court in New York and then in this Court over Plaintiffs' alleged infringement of Defendants' registered mark and Defendants' alleged tortious conduct toward Plaintiffs, as well as an alleged Settlement Agreement between the parties. (See id.) After the entry of the Preliminary Injunction, both sides changed their representation. (See Docket Entries 33, 36, 47, 52.) Defendants' change of counsel occurred shortly before

the deadline for the filing of their Answer, which Defendants' new counsel timely filed on August 23, 2010. (See Docket Entries 32-36.) On December 8, 2010, Defendants filed the instant Motion to Supplement and Amend Defendants' Answer and Counterclaim. (Docket Entry 46.) Plaintiffs' change in counsel occurred a short time later. (Docket Entries 47, 52.) After obtaining an extension of time, Plaintiffs (through their new counsel) responded in opposition to Defendants' instant Motion. (Docket Entry 53.) Defendants thereafter replied (Docket Entry 61) and the parties filed a Joint Rule 26(f) Report, which the Court adopted on March 4, 2011 (Docket Entries 60, 63). The resulting Scheduling Order permits discovery through August 26, 2011. (See id.)

## DISCUSSION

Defendants' instant Motion proposes to amend and to supplement their prior Answer by: 1) altering the content of a number of the numbered paragraphs (including at least Paragraphs 1, 5, 9, 12, 18, 22, 24, 26, 41, 42, and 53) that correspond to paragraphs of Plaintiffs' Complaint; 2) adding a Sixth Defense of unclean hands; 3) adding Counterclaims for trademark infringement, common law fraud, and violation of North Carolina's Unfair and Deceptive Trade Practices Act; and 4) attaching as exhibits 13 "Charge Invoice[s]"

from the Sherwin-Williams Company. (Compare Docket Entry 35 with Docket Entry 46.)[1]

"The [C]ourt should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court applies the same standard to a motion brought under Rule 15(d), as to a motion brought under Rule 15(a). See Franks v. Ross, 313 F.3d 184, 198 & n.15 (4th Cir. 2002); Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (recommendation of Dixon, M.J., adopted by Beaty, J.).

---

[1] At least two portions of Defendants' proposed Counterclaim section contain express references to matters occurring since the filing of the original Answer. (See Docket Entry 46 at 9 (¶ 17(a)), 10 (¶ 20).)

Plaintiffs' opposition to Defendants' foregoing proposed amendment and supplementation of their Answer consists in its entirety of the following:

> 1. Defendants do not state "with particularity the grounds" for their Motion, as required by LR 7.3(b).
>
> 2. Multiple parts of the proposed Amended Answer contradict admissions in defendants' Answer (Docket Entry 35). For example, see paragraphs 18, 24, 26, and 41.
>
> 3. The proposed Counterclaim fails to state a claim upon which relief can be granted, Rule 12(b)(6), because:
>
>> (a) As to the First and Third Claims For Relief, defendants' averments of infringement are based entirely on hearsay and vague facts, none of which show with any specificity or particularity that plaintiffs are violating the trademark; and
>>
>> (b) As to the Second Claim For Relief, defendants' averments of agreed mutual dismissals with prejudice contradict the language of the settlement agreement: "12) The parties will dismiss, with prejudice, the present litigation in New York, and Mr. Macko will voluntarily dismiss the litigation in North Carolina . . . ."

(Docket Entry 53 at 1-2 (ellipses in original).)

As to Plaintiffs' first argument, the Court agrees that Defendants' instant Motion fails to "state with particularity the grounds therefor," M.D.N.C. R. 7.3(b); <u>see also</u> M.D.N.C. R. 7.3(j) (exempting motions "to amend the pleadings" from Local Rule 7.3(a)'s requirement that litigants file briefs with motions, but mandating that such "motions, while not required to be accompanied by a brief, must state good cause therefor"). However, Local Rule 7.3 does not mandate (or, for that matter, even create a

presumption favoring) denial of any motion that fails to comply with the foregoing requirement(s). See M.D.N.C. R. 7.3. Moreover, the general sanctions provision of the Court's Local Rules leaves the decision about whether and/or how to address violations of the Local Rules to the discretion of the Court. See M.D.N.C. R. 83.4. As a final matter, in their Reply, Defendants stated with particularity the basis for the instant Motion, i.e., that Defendants' counsel had to file the original Answer shortly after he got involved in the case and before he had reviewed all of the relevant materials and fully consulted with Defendants and their former counsel; after completing such further review and consultation, Defendants' counsel determined that the amendment and supplementation should be filed. (Docket Entry 61 at 3.) Under these circumstances, the Court declines to deny Defendants' instant Motion based on their failure to comply with Local Rule 7.3.

The Court similarly finds Plaintiffs' second argument against Defendants' proposed amendment and supplementation of its Answer insufficient. Simply put, Plaintiffs have failed to cite any authority that a party may not, consistent with Rule 15(a), amend a pleading to state something contradictory to the original terms of the party's pleading. (See Docket Entry 53 at 1.) In fact, precedent indicates that parties may make such amendments, although the disavowed portions of an original pleading may remain relevant to the proceedings. See Cananwill, Inc. v. EMAR Grp., Inc., 250

B.R. 533, 545 (M.D.N.C. 1999) (Beaty, J.) ("Superseding a pleading by amendment affects the weight, not the competency, of statements made in the original: 'When a pleading is amended . . . the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made . . . and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent.' Here, the pleading which the briefs supported was superseded by the Amended and Restated Complaint. As such, the prior factual assertions cannot constitute a conclusive judicial admission. The statements, however, are not rendered inadmissible, and may be considered by this Court." (quoting Kungliq Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929) (internal ellipses in original))); accord InterGen N.V. v. Grina, 344 F.3d 134, 144-45 (1st Cir. 2003); Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996); Kiepfer v. Beller, 944 F.2d 1213, 1219 (5th Cir. 1991); Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co., 828 F.2d 1245, 1249 n.3 (8th Cir. 1987).

Finally, Plaintiffs have opposed Defendants' proposed amendment and supplementation of their Answer on the grounds that "[t]he proposed Counterclaim fails to state a claim upon which relief can be granted, Rule 12(b)(6) . . . ." (Docket Entry 53 at 1.) As noted above, supra, p. 3, "futility" constitutes a possible ground for denial of Defendants' instant Motion. Moreover, "[a]n

amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prod., Inc. v. Environmental Prot. Agency, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (Tilley, C.J.).[2]

The United States Court of Appeals for the Fourth Circuit, however, has indicated that courts should reserve denial of amendment (and thus also supplementation) "on the ground of futility [to instances] when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986). Plaintiffs' conclusory, seven-line, citation-free challenge to the legal sufficiency of Defendants' proposed Counterclaims (see Docket Entry 53 at 2) fails to convince the Court that Defendants' proposed amendment/ supplementation is "clearly insufficient or frivolous on its face," Johnson, 785 F.2d at 510. Instead, the Court agrees with Defendants that the question of whether the proposed Counterclaims fail to state a claim should be "adjudicated directly through a

---

[2] A litigant falls short of stating a claim under Rule 12(b)(6) when the litigant's pleading does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. An assessment of whether a pleading "states on its face a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). However, in applying the Rule 12(b)(6) standard to a proposed amendment, the question of "[w]hether [a litigant's] allegations . . . are ultimately provable or accurate is not an issue before the Court," Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1427592, at *11 n.10 (M.D.N.C. Apr. 8, 2010) (unpublished) (internal quotation marks omitted).

Rule 12(b)(6) motion" (Docket Entry 61 at 4), in connection with which the parties can provide the Court more developed argument.

Under these circumstances, the Court will permit Defendants to amend and to supplement their Answer as they have proposed.[3]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Supplement and Amend Defendants' Answer and Counterclaim (Docket Entry 46) is **GRANTED**. On or before April 22, 2011, Defendants shall file an Amended and Supplemented Answer substantially similar to their proposal in said Motion.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 15, 2010

---

[3] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation.